# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CONRAD D. OSBY,
          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
SF-0752-17-0346-I-1

DATE: May 25, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald P. Ackerman, Culver City, California, for the appellant.

Maureen Ney, Esquire, and Steven R. Snortland, Esquire, Los Angeles,
   California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which upheld his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was a GS-11 Patient Representative (Transitional Patient Advocate) for the agency. Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 33. His basic job duties were to "act as a communicator, facilitator, and problem solver" for patients in the Veterans Administration Healthcare System, and to be a personal advocate for these individuals as they move through the system. IAF, Tab 18 at 25. Effective April 3, 2017, the agency removed the appellant based on three charges: (1) Entering Incorrect Information Into a Patient's Records (12 specifications); (2) Inappropriate Conduct (6 specifications); and (3) Failure to Follow Instructions (13 specifications). IAF, Tab 5 at 34-36, 48-54. The appellant filed a Board appeal challenging his removal and raising an affirmative defense of retaliation for prior equal employment opportunity (EEO) activity. IAF, Tab 1, Tab 17 at 5-10.

¶3 After holding a hearing, the administrative judge issued an initial decision upholding the removal. IAF, Tab 24, Initial Decision (ID). She sustained all three charges, although not all of the underlying specifications, and found that the agency established a nexus between the charges and the efficiency of the service.

ID at 4-24. She found that the removal penalty was reasonable, and that the appellant failed to prove his affirmative defense. ID at 24-28.

¶4 The appellant has filed a petition for review, disputing the charges and the penalty determination, and renewing his allegation of reprisal for EEO activity. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

¶5 In an appeal of a removal under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. 5 U.S.C. § 1201.56(b)(1)(ii); *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). However, even if the agency carries this burden, the removal may not be sustained if the appellant shows that it was based on a prohibited personnel practice described in 5 U.S.C. § 2302(b). 5 U.S.C. § 7701(c)(2)(B); *Mata v. Department of the Army*, 114 M.S.P.R. 6, ¶ 11 (2010); 5 C.F.R. § 1201.56(c)(2).

¶6 Under Charge 1, Entering Incorrect Information Into a Patients' Records, the agency essentially charged the appellant with entering into the Computerized Patient Records System (CPRS) that he provided several patients assistance that he did not actually provide. IAF, Tab 5 at 48-50. The administrative judge found that the agency proved 7 of the 12 specifications and she therefore sustained the charge. ID at 4-14. On petition for review, the appellant disputes Specifications 5-9. PFR File, Tab 1 at 3-4. However, because the administrative judge did not sustain these specifications, we find that the appellant's argument is immaterial and provides no basis to disturb the initial decision. ID at 2-3, 9-12.

As for the specifications that the administrative judge did sustain, the appellant argues that the agency never trained him on how to enter data into CPRS. PFR File, Tab 1 at 3. However, even if true, we find that this argument is likewise immaterial. A lack of CPRS training might explain a deficiency in the appellant's CPRS data, but it would not explain why he entered affirmatively incorrect data into the system. For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved Specifications 1-4 and 10-12. ID at 4-8, 12-14. We therefore agree with the administrative judge that the agency proved its charge. ID at 14; *see Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

¶7        Under Charge 2, Inappropriate Conduct, the agency essentially charged the appellant with sending six disrespectful or insubordinate emails to his supervisor. IAF, Tab 5 at 50-51. The administrative judge sustained the charge and all specifications except for Specification 4. ID at 14-19. On petition for review, the appellant argues that his supervisor never raised any concerns to him about his communications until his removal was proposed. PFR File, Tab 1 at 4. We find that this argument goes more properly to the issue of penalty, discussed below. The appellant does not contest the inappropriateness of the emails underlying the five sustained specifications, and we agree with the administrative judge, for the reasons explained in her initial decision, that they were, in fact, inappropriate. ID at 14-19. We therefore agree with the administrative judge that the agency proved its charge. ID at 19; *see Burroughs*, 918 F.2d at 172.

¶8        Under Charge 3, Failure to Follow Instructions, the agency included 1 specification related to the appellant's failure to follow instructions for logging in  for telework, and 12 specifications related to his failure to follow instructions to indicate in CPRS when a patient "no-showed" to an appointment. IAF, Tab 5 at 51-53. The administrative judge sustained Specification 1, regarding the

telework login, as well as Specifications 3-11 and 13, regarding the CPRS no-show data. ID at 2-3, 19-23. On petition for review, the appellant does not challenge the administrative judge's findings regarding Specification 1. For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved that specification. ID at 19-20.

¶9     As for the remaining specifications regarding the CPRS no-show data, the appellant appears to argue that he did not follow instructions to enter this data because he was concerned about violating the privacy provisions of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936. PFR File, Tab 1 at 4. We seriously doubt that the appellant had a good faith belief that placing no-show information in a medical record could possibly violate HIPAA. Moreover, even if the appellant were genuinely concerned that his supervisor's instructions might somehow conflict with the HIPAA privacy requirements, he could have asked his supervisor for guidance in navigating the privacy issue, but we see no indication that he did so. We do not credit the appellant's assertion that he had no opportunity to ask questions. PFR File, Tab 1 at 4. Finally, the appellant questions the source of the agency's information that these patients no-showed to their appointments. *Id.* The appellant's supervisor testified that she deduced from the absence of any follow-up documentation in their notes that these patients no-showed to their scheduled appointments. Hearing Recording, July 25, 2017, Track 7 at 42:12 (testimony of the appellant's supervisor). We find that this circumstantial evidence was sufficient to establish that the patients no-showed, as alleged. For the reasons explained in the initial decision, we thus agree with the administrative judge that the agency proved Specifications 3-11 and 13. ID at 20-23. We agree with the administrative judge that the agency proved its charge. ID at 23; *see Burroughs*, 918 F.2d at 172.

¶10     The appellant also disputes the penalty, arguing that he was never counseled or placed on a performance improvement plan prior to his removal. PFR File,

Tab 1 at 4-5. To the extent that the appellant is arguing that he was not on notice that his conduct was unacceptable, we agree with the administrative judge that he was on notice, either through his supervisor's emails or by virtue of simply having worked with that supervisor for 8 years. ID at 27-28; *see Social Security Administration v. Carr*, 78 M.S.P.R. 313, 340 (1998) (holding that even without formal prior notice, an employee should have known that vulgar language was inappropriate), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999). There is no requirement under 5 U.S.C. chapter 75 that an agency provide an employee with a specific warning before it proposes an adverse action. *Flanagan v. Department of the Army*, 44 M.S.P.R. 378, 381 (1990). Nor is there any general requirement that an agency use progressive discipline when its table of penalties lists removal as an option for a first occurrence of the proven misconduct. *See Roberson v. Veterans Administration*, 27 M.S.P.R. 489, 493 (1985). In this case, removal is within the range for a first occurrence of either intentionally misstating a material fact (Charge 1) or disrespectful conduct towards a supervisor (Charge 2). IAF, Tab 6 at 63, 66. The appellant also argues, with supporting documentation, that the administrative judge mistakenly found that he was suspended twice in 2009, when in fact he was only suspended once, but served his suspension over two nonconsecutive periods. PFR File, Tab 1 at 1-2, 6-9. He argues that he was unable to explain this to the administrative judge because the agency "did not provide him with the information" until after the initial decision was issued. *Id.* at 2. As an initial matter, we find that the notice of proposed removal indicates that the appellant was suspended twice in 2009, so he should have been aware of this issue well before his Board appeal was even filed. IAF, Tab 1 at 53. Furthermore, to the extent that the appellant is arguing that the agency failed to produce the suspension documentation during discovery, it was incumbent upon him to file a timely motion to compel to obtain this information. *See Ioannou v. Office of Personnel Management*, 56 M.S.P.R. 426, 431 (1993), *abrogated on other grounds by Ruskin v. Office of Personnel Management*, 73 M.S.P.R. 544

(1997).  In any event, there was nothing to prevent the appellant from explaining this issue to the administrative judge even absent supporting documentation. Moreover, even considering that the appellant served one prior 30-day suspension, rather than two prior 15-day suspensions, this fact is of insufficient weight to alter the outcome of the penalty analysis.  For the reasons explained in the initial decision, we agree with the administrative judge that the Board lacks an adequate basis to disturb the agency-imposed penalty of removal.  ID at 26-28; *see generally Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

¶11    Finally, the appellant renews his claim that his removal was retaliation for his prior EEO activity.  PFR File, Tab 1 at 3.  We find that this argument constitutes mere disagreement with the administrative judge's analysis of the issue, and as such, provides no basis to disturb the initial decision.  *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980).  For the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not prove this affirmative defense.[2]  ID at 24-26.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[2] Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding this claim, we do not reach the question of whether retaliation was a "but-for" cause of the removal action.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.  It is unclear from the record whether the prior EEO activity was based on a claim of disability discrimination.  Assuming arguendo that it was, the appellant would need to prove that the retaliation was a but-for cause of the action at issue in this case.  *See Pridgen*, 2022 MPSB 31, ¶¶ 45-47.  We find that the appellant has not met this burden.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.